| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x
GEORGE W. REILLY, *et al.*,

                Plaintiffs,        **MEMORANDUM and ORDER**

      -against-                      05-CV-318 (SLT)

TRADELINE CONTRACTING CORP., *et al.*,

                Defendants.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

      By letter dated September 14, 2006, plaintiffs requested permission to move pursuant to Fed. R. Civ. P. 15(a) for leave to further amend the complaint to add a new defendant, JPR Mechanical ("JPR"). According to plaintiffs' letter, JPR was "the first-tier subcontractor" on a project at issue herein, and "subcontracted work to Tradeline the second-tier subcontractor." Letter to Hon. Sandra L. Townes from Charles R. Virginia, dated Sept. 14, 2006, at 1. Plaintiffs assert that because "JPR is a signatory to a Collective Bargaining Agreement with Local 1," they "believe JPR . . . is liable to the Funds for contributions owed by Tradeline." *Id.* However, plaintiffs do not attach a copy of the Collective Bargaining Agreement ("CBA"), quote any of its provisions, or otherwise explain the basis for plaintiffs' "belief."

      At a pre-motion conference on October 3, 2006, this Court granted plaintiffs leave to file a supplemental letter to provide further support for its application. That supplemental letter was filed on October 6, 2006. It attaches a portion of the CBA which forbids "licensed plumbing contractors" (presumably, including JPR) from subcontracting plumbing jobs and cites to two cases: *Mason Tenders v. Abatement Int'l./Advatex Ass'n, Inc.*, 82 F. Supp. 2d 175 (S.D.N.Y. 2000), and *Laborers' Pension Fund v. Concrete Structures of the Midwest, Inc.*, No. 91 C 8223, 1992 WL 170548 (N.D.Ill. July 16, 1992), *aff'd*, 999 F.2d 1209 (7th Cir. 1993).

      Those two cases, however, undercut plaintiff's argument. First, both cases are

distinguishable; the collective bargaining agreements in those cases expressly provided that the contractor would be liable for a subcontractors' employees' unpaid wages and benefits. In contrast, nothing in the excerpt of the CBA provided by plaintiffs in this case obligates licensed plumbing contractors who subcontract plumbing work to pay wages and benefits to the subcontractors' workers. In addition, both cases contain analyses suggesting that liability would not obtain in the absence of contractual provisions. *Concrete Structures* distinguishes *Idaho Plumbers & Pipefitters Health & Welfare Fund v. Turnkey Construction, Inc.*, 598 F. Supp. 191 (D. Idaho 1984), which held that a general contractor was not required to assume the unmet obligations of its subcontractors in the absence of a contractual provision requiring it to do so. *Concrete Structures*, 1992 WL 170548, at *4. Similarly, *Mason Tenders* discusses cases in which courts found no liability in the absence of express contractual provisions. *See Mason Tenders*, 82 F. Supp. 2d at 177-78.

Although leave to amend a pleading must be "freely given when justice so requires," *see* Fed. R. Civ. P. 15(a), it would be futile to permit plaintiffs to move to amend the complaint absent any basis for holding JPR liable for contributions owed by Tradeline. Accordingly, plaintiffs' request for permission to move to amend the complaint is DENIED. If the parties wish to amend the briefing schedule relating to their motions for summary judgment, the parties shall confer and submit a proposed amended briefing schedule on or before October 23, 2006.

**SO ORDERED.**

                                                /s/
                                        SANDRA L. TOWNES
                                        United States District Judge

Dated: Brooklyn, New York
       October 17, 2006