UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL SECURITY
BENEFIT FUND, VACATION & HOLIDAY FUND,
TRADE EDUCATION FUND AND 401(k) SAVINGS
PLAN; TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND;
TRUSTEES OF THE INTERNATIONAL TRAINING
FUND and GEORGE W. REILLY, AS BUSINESS
MANAGER OF LOCAL UNION NO. 1 OF THE
UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE UNITED STATES
AND CANADA,
                                Plaintiffs,

             – against –

TRADELINE CONTRACTING CORP., ANTHONY
MONGONE, SEABOARD SURETY CO. and
ST. PAUL FIRE & MARINE INSURANCE CO.,

                                Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ NOV 3 0 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

05-CV-318 (SLT) (JMA)

**TOWNES, United States District Judge:**

      In January 2005, plaintiffs – George W. Reilly, the Business Manager of Local Union No. 1 of the United Association of Journeymen and apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the trustees of various employee benefit plans, employee pension benefit plans and trust funds affiliated with the Union (collectively, the "Funds") – commenced this action against Tradeline Contracting Corp. ("Tradeline") and its principal, Anthony Mongone, principally seeking to recover money owed to the Funds pursuant to a collective bargaining agreement between the Union and Tradeline. In March 2005, plaintiffs amended their complaint to name two new defendants – Seaboard Surety Co. and St. Paul Fire & Marine Insurance Co. (collectively, the "Sureties") – and to add two causes of action alleging that these defendants were liable to the Funds under the terms of a bond

issued by the Sureties in connection with a public works project on which Tradeline was a subcontractor. In May 2005, Tradeline and Mr. Mongone answered plaintiffs' First Amended Complaint and cross-claimed against the Sureties, alleging, among other things, that the Sureties had entered into some sort of indemnification agreement with Tradeline and Mr. Mongone.

In January 2011, the Sureties entered into a Stipulation of Dismissal with the plaintiffs in this action. The Sureties now move (1) for a "Bar Order" dismissing the cross-claims brought against them by Tradeline and Mr. Mongone and enjoining these defendants from raising any further claims against them and (2) for entry of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Sureties' motion also requests costs and "expenses incurred in defending against the cross claims" (Notice of Motion at 2; Memorandum of Law at 11), but this relief is not mentioned in the Sureties' proposed Final Judgment and Bar Order which is attached as Exhibit B to Joyce J. Sun's Affirmation in Support of the motion.

In an endorsed order dated June 27, 2011, this Court gave Tradeline and Mr. Mongone (collectively, the "Remaining Defendants") until July 22, 2011, in which to respond to the Sureties' motion. The Remaining Defendants did not seek an extension of this deadline or respond to the motion within the time allowed. Rather, on September 1, 2011, defendant Mongone, proceeding *pro se*, sent this Court a letter stating that he and Tradeline do not oppose dismissal of the cross claim. However, Mr. Mongone urges this Court not to award costs, asserting, among other things, that he is in the process of settling [plaintiffs'] claims against him for a "substantial amount" and is struggling to pay his mortgage and "support [his] two sons while they attend graduate school." Letter to Hon. Sandra L. Townes from Anthony Mongone, dated Sept. 1, 2011, at 1. Mr. Mongone also argues that, "[t]o the extent that the [Sureties] prayer for an award of 'expenses' requests attorneys fees, they are not entitled" to them. *Id.* at 2.

By letter dated September 12, 2011, the Sureties urge this Court to disregard Mr. Mongone's letter as untimely. *See* Letter to Hon. Sandra L. Townes from Joyce J. Sun, Esq., dated Sept. 12, 2011, at 1.

## DISCUSSION

### *Entry of Final Judgment pursuant to Fed. R. Civ. P. 54(b)*

Although Mr. Mongone does not oppose the Sureties' request for entry of partial final judgment, this Court cannot grant the relief requested on this basis alone. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In making the express determination that there is no just reason for delay, a district court must "provide a 'reasoned,' even if brief, 'explanation' of its considerations." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). In addition, the Second Circuit has cautioned that "[t]he policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly.'" *Id.*

While the decision whether to enter partial final judgment is "left to the sound judicial discretion of the district court," *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980), that decision must take account of both the policy against piecemeal appeals and the equities between or among the parties. *Novick*, 642 F.3d at 310. As the Supreme Court noted in *Curtiss-Wright*:

3

> It [i]s therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

446 U.S. at 8. Relief under Rule 54(b) "should be granted only if there are 'interest[s] of sound judicial administration' and efficiency to be served." *Harriscom Svenska AB*, 947 F.2d at 629. Generally, relief should not be granted if the same or closely related issues remain to be litigated. *Id.*; *see Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) ("In a case involving multiple claims, the court should not enter final judgment dismissing a given claim unless that claim is separable from the claims that survive.").

After considering the Sureties' arguments and the totality of the circumstances in this case, this Court determines, in its discretion, that entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is appropriate. First, the likelihood that entry of partial final judgment in this case will result in a piecemeal appeal is negligible. Plaintiffs have settled their action against the Sureties, and the Remaining Defendants have not opposed dismissal of their cross-claims.

Second, even if there were an appeal from the partial final judgment, the Second Circuit would not have to decide the same issues more than once. Plaintiffs' First Amended Complaint alleges only two causes of action against the Sureties, both of which seek to recover under the terms of a bond issued by the Sureties in connection with a public works project on which Tradeline worked as a sub-contractor. These claims are entirely separate and distinct from the 23 causes of action against the Remaining Defendants, which principally seek to recover under the terms of a collective bargaining agreement and the trust agreement referenced therein.

4

Finally, efficiency and equity favors entry of partial final judgment. All claims against the Sureties have been resolved and there is no just reason to have the Sureties pay an attorney to continue to monitor this action or to have the remaining parties and the Court include the Sureties in their mailings and conferences. Since no one has objected to the Sureties' proposed Final Judgment and Bar Order, this Court will enter a partial final judgment incorporating its provisions.

### *Costs, Attorneys' Fees and Other Expenses*

The Sureties' proposed order makes no reference to costs. However, Rule 54(d)(1) of the Federal Rules of Civil Procedure "grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule, unless the trial judge directs otherwise." *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101 (2d Cir. 1999). While the decision to award costs "rests within the sound discretion of the district court," *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)), "the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459-60 (7th Cir. 1994)).

Mr. Mongone does not contest the fact that the Sureties are "prevailing parties" for purposes of this motion.[1] Rather, Mr. Mongone implies that he is indigent and that Tradeline is defunct, having "close[d its] doors . . . several years ago." *See* Letter to Hon. Sandra L. Townes from Anthony Mongone, dated Sept. 1, 2011, at 2. The facts alleged in Mr. Mongone's letter,

---

[1] While there is no need to address this issue, this Court notes that the litigant in whose favor judgment is rendered is usually the "prevailing party" for purposes of Rule 54(d), regardless of whether the litigant prevails by way of settlement. *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 3d § 2667.

5

however, do not establish indigency. While Mr. Mongone represents that he is struggling to pay his mortgage and to "support [his] two sons while they attend graduate school," *id.*, these allegations imply that Mr. Mongone still owns his home and can afford to help pay his children's graduate school expenses.

Even if Mr. Mongone might have difficulty paying all of the Sureties expenses relating to this action, costs generally constitute only a fraction of a party's expenses. While the term "'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited . . . ." Wright, Miller & Kane, Fed. Practice & Procedure Civil 3d § 2666 (West's 1998). The items taxable as costs in this district are listed in Local Civil Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of which is available at http://www.nyed.uscourts.gov/pub/docs/localrules.pdf.

Local Civil Rule 54.1 expressly provides that "[a]ttorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court." Rule 54.1 further provides that "[a] motion for attorney fees and related nontaxable expenses shall be made not later than fourteen (14) days after the entry of judgment, as provided by Fed. R. Civ. P. 54(d)(2)(B)(i)." *Id.* Accordingly, to the extent that the Sureties wish to seek attorneys' fees or other nontaxable expenses incurred in defending against the cross claims, they must follow the procedures set forth in Fed. R. Civ. P. 54(d)(2)(B)(i).

## *CONCLUSION*

For the reasons set forth above, this Court will enter partial final judgment in favor of defendants and cross-claim defendants Seaboard Surety Co. and St. Paul Fire and Marine Insurance Company. Since Mr. Mongone, acting on his own behalf and as principal of Tradeline,

has not opposed the Sureties' motion, that partial final judgment will incorporate most, if not all, of the provisions contained in the Final Judgment and Bar Order proposed by the Sureties.

The Clerk of Court may tax costs on 14 days' notice, in accordance with the procedures set forth in Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54.1. However, to the extent that Seaboard Surety Co. and St. Paul Fire and Marine Insurance Company wish to seek attorneys' fees or other nontaxable expenses incurred in defending against the cross claims filed by Tradeline Contracting Corp. and Mr Mongone, they must follow the procedures set forth in Fed. R. Civ. P. 54(d)(2)(B)(i).

**SO ORDERED.**

s/ SLT

───────────────────────────
SANDRA L. TOWNES
United States District Judge

Dated: November 28, 2011
Brooklyn, New York